UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL DEMAS,<br>      Plaintiff<br><br>v.<br><br>TOWN OF WINDSOR, ET AL.,<br>      Defendants | Civil Action No. 11-30109-MAP |

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
May 9, 2011

NEIMAN, M.J.

Daniel Demas ("Plaintiff"), a Massachusetts resident proceeding *pro se*, has submitted for filing a complaint against the Town of Windsor, Connecticut, as well as Detective Anthony Valenti, Officer Dennis Adams, and Officer Kevin Searle, all of whom are employed by the town (collectively "Defendants"). Together with his complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis* which has been referred to this court for preliminary screening. *See* 28 U.S.C. §§ 636(b)(1), 1915.

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, leave to proceed *in forma pauperis* has been granted pursuant to subsection (a) of the federal *in forma pauperis* statute, 28 U.S.C. § 1915. However, a summons has not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of subsection (e)(2) of that statute. For the reasons that follow, the court concludes that it does not. Accordingly, the court will recommend that the case be summarily dismissed.

The *in forma pauperis* statute requires the court to dismiss an action brought thereunder if it determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *Accord* 28 U.S.C. § 1915A(b)(1) (same standards for prisoner petitions). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim "is frivolous where it lacks an arguable basis either in law or in fact"). This is just such a case, at least as concerns this forum.

Plaintiff asserts various federal and state law claims of misconduct and violations of his civil rights related to his being questioned and charged in connection with a burglary at his former place of employment. Plaintiff's former place of employment was presumably located in Connecticut, given that Plaintiff received a telephone call from the Windsor Police Department regarding the burglary. Moreover, all of the resulting actions complained of appear to have occurred in Connecticut.

Although there is some question whether a court may deny leave to proceed *in forma pauperis* solely on the ground of improper venue, the complaint reveals that only the District of Connecticut, which encompasses the Town of Windsor, has any potential connection to Plaintiff's claims. First, Plaintiff's state law claims all arise under Connecticut law. More importantly, however, all of the individual defendants, as well as the Town of Windsor itself, are located in Connecticut. Because the defense of improper venue is "obvious from the face of the complaint and no further factual record is required to be developed" with regard thereto, Plaintiff's complaint, the court believes, should be dismissed without prejudice to refiling in an appropriate forum. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); 28 U.S.C. § 1931(b); *see also Snider v. Frasier, Frasier & Hickman, LLP*, 2010 U.S. Dist. LEXIS 95187, No. 3:10-0031, at * 2-3

(M.D. Tenn. Aug. 11, 2010) (dismissing a *pro se, in forma pauperis* filing based on improper venue because courts have "no jurisdiction to vary from the mandatory terms of the venue statutes."); *but see Anger v. Revco Drug Co.*, 791 F.2d 956, 957 (D.C. Cir. 1985) (concluding that "improper venue indicated on the face of the complaint was not sufficient cause to refuse to permit plaintiffs to proceed *in forma pauperis*.").

Of course, since Plaintiff is a *pro se* litigant, his pleadings must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). However, even under a generous reading, the instant action fails to state a claim upon which relief may be granted in this forum. Accordingly, the court recommends that the complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) without prejudice to Plaintiff's filing his complaint in an appropriate forum.[1]

DATED: May 9, 2011

                                                      /s/ Kenneth P. Neiman
                                                      KENNETH P. NEIMAN

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of her receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).

U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL DEMAS,                               )
         Plaintiff                         )
                                            )
                                            )
      v.                                     )      Civil Action No. 11-30109-MAP
                                            )
                                            )
TOWN OF WINDSOR, ET AL.,                    )
         Defendants                        )


REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
May 9, 2011

NEIMAN, M.J.

    Daniel Demas ("Plaintiff"), a Massachusetts resident proceeding *pro se*, has submitted for filing a complaint against the Town of Windsor, Connecticut, as well as Detective Anthony Valenti, Officer Dennis Adams, and Officer Kevin Searle, all of whom are employed by the town (collectively "Defendants"). Together with his complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis* which has been referred to this court for preliminary screening. *See* 28 U.S.C. §§ 636(b)(1), 1915.

    The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, leave to proceed *in forma pauperis* has been granted pursuant to subsection (a) of the federal *in forma pauperis* statute, 28 U.S.C. § 1915. However, a summons has not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of subsection (e)(2) of that statute. For the reasons that follow, the court concludes that it does not. Accordingly, the court will recommend that the case be summarily dismissed.

The *in forma pauperis* statute requires the court to dismiss an action brought thereunder if it determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *Accord* 28 U.S.C. § 1915A(b)(1) (same standards for prisoner petitions). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim "is frivolous where it lacks an arguable basis either in law or in fact"). This is just such a case, at least as concerns this forum.

Plaintiff asserts various federal and state law claims of misconduct and violations of his civil rights related to his being questioned and charged in connection with a burglary at his former place of employment. Plaintiff's former place of employment was presumably located in Connecticut, given that Plaintiff received a telephone call from the Windsor Police Department regarding the burglary. Moreover, all of the resulting actions complained of appear to have occurred in Connecticut.

Although there is some question whether a court may deny leave to proceed *in forma pauperis* solely on the ground of improper venue, the complaint reveals that only the District of Connecticut, which encompasses the Town of Windsor, has any potential connection to Plaintiff's claims. First, Plaintiff's state law claims all arise under Connecticut law. More importantly, however, all of the individual defendants, as well as the Town of Windsor itself, are located in Connecticut. Because the defense of improper venue is "obvious from the face of the complaint and no further factual record is required to be developed" with regard thereto, Plaintiff's complaint, the court believes, should be dismissed without prejudice to refiling in an appropriate forum. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); 28 U.S.C. § 1931(b); *see also Snider v. Frasier, Frasier & Hickman, LLP*, 2010 U.S. Dist. LEXIS 95187, No. 3:10-0031, at * 2-3

(M.D. Tenn. Aug. 11, 2010) (dismissing a *pro se, in forma pauperis* filing based on improper venue because courts have "no jurisdiction to vary from the mandatory terms of the venue statutes."); *but see Anger v. Revco Drug Co.*, 791 F.2d 956, 957 (D.C. Cir. 1985) (concluding that "improper venue indicated on the face of the complaint was not sufficient cause to refuse to permit plaintiffs to proceed *in forma pauperis*.").

Of course, since Plaintiff is a *pro se* litigant, his pleadings must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). However, even under a generous reading, the instant action fails to state a claim upon which relief may be granted in this forum. Accordingly, the court recommends that the complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) without prejudice to Plaintiff's filing his complaint in an appropriate forum.[1]

DATED: May 9, 2011

                                                      /s/ Kenneth P. Neiman
                                                      KENNETH P. NEIMAN

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of her receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).

U.S. Magistrate Judge